UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| NATHAN S. HASTIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:13-CV-511 |
| | ) | (VARLAN/GUYTON) |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion For Judgment On The Pleadings [Doc. 14], and the defendant's Motion For Summary Judgment. [Doc. 16]. Plaintiff Nathan S. Hastie ("Hastie") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

## BACKGROUND

Plaintiff was 50 years of age at the date of the ALJ's decision in May, 2012 (Tr. 22-23). Hastie attended school through the eighth grade, but he can not read or write (Tr. 32).[1] He has work experience as a laborer in asbestos removal and as a factory worker (Tr. 32-33; 138).

---

[1] Hastie testified at the hearing before the ALJ that he was not able to read or write. However, the Disability Reports state that he can read and write (Tr. 130; 168).

1

The record reflects that Hastie stopped working in September, 2010, due to a "bulged disk" caused by an on the job back injury (Tr. 33, 131).

The plaintiff's application was denied initially, and on reconsideration (Tr. 15). The ALJ held an evidentiary hearing on April 4, 2012, at which Hastie testified, along with Jane Hall, vocational expert. The ALJ, in May, 2012, issued a Decision, finding that Hastie retained the residual functional capacity (RFC) for the full range of medium work, and therefore, was not disabled (Tr. 20-23). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, (Tr. 1-3), and this case is now ripe for review under 42 U.S.C. § 405(g).

The Court has considered the medical evidence in the record, the testimony at the hearing, and all other evidence in the record. The medical history of the Plaintiff and the content of the ALJ's Decision are not in dispute, and need not be repeated here.

The parties have filed Memoranda [Docs. 15, 17].

## STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and the ALJ's findings are supported by substantial evidence in the record, the decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a

preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson,

3

378 F.3d at 546-47. Thus, an ALJ's procedural error is harmless if the ultimate decision was supported by substantial evidence and the error did not deprive the claimant of an important benefit or safeguard. See id. at 547.

On review, Plaintiff bears the burden of proving entitlement to benefits. Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

## POSITIONS OF THE PARTIES

Hastie makes two arguments. First, Hastie argues that the ALJ committed error by failing to find that Hastie had the severe impairment of depression. The Plaintiff states that an impairment is severe if it "significantly limits an individual's physical or mental abilities to do basic work activities," citing 20 C.F.R. §§ 404.1520(c) and 404.1521.

Hastie also asserts that the ALJ's RFC failed to identify and incorporate the non-exertional, or mental, limitations opined by Licensed Psychologist Tracy Allred, Ed.D. ("Allred"). Allred diagnosed Hastie with "Depressive Disorder," and Allred assessed certain mild to moderate limitations (Tr. 263-266).

The Defendant argues that the ALJ's Decision was based on substantial evidence; that the failure to find a severe impairment of depression is of no consequence to the ALJ's analysis of disability; and that the ALJ properly relied on the opinions of George Grubbs, Psy.D. ("Grubbs") (Tr. 268-281). Grubbs opined that Hastie had only mild non-exertional limiations (Tr. 278).

4

**ANALYSIS AND BASIS FOR RECOMMENDATION**

The Defendant is correct in arguing that the Plaintiff has the ultimate burden of proving he is entitled to benefits. See Kyle v. Comm'r of Soc. Sec., 609 F.3d at 855; Born v. Sec'y of Health & Human Servs., 923 F.2d 1168, 1173 (6th Cir. 1990). Plaintiff must provide competent evidence to authenticate a medical or psychological condition that prevents him from engaging in substantial gainful work activity. See 20 C.F.R. §§ 404.1512(a), 416.912(a); Kyle, 609 F.3d at 855. Social Security regulations provide for a five-step sequential evaluation process to determine if a claimant has established he is disabled. First a claimant must establish he is not engaged in substantial gainful activity, as defined in the regulations. Second, the claimant must establish an impairment or combination of impairments that is severe. Third, if the claimant establishes an impairment or combination of impairments which meets or equals a listed impairment, the ALJ will find claimant disabled. If not, the ALJ will determine if the claimant can engage in his past relevant work. If the claimant can engage in his past work, the ALJ will find the claimant not disabled. If the claimant cannot do his past relevant work, the ALJ must determine if there is any other work the claimant can do at step five. If the claimant cannot engage in any other work, then he is disabled. 20 C.F.R. §§ 404.1520, 416.920.

Hastie argues that the ALJ committed error by not finding that Plaintiff's depression was a "severe" impairment at step two of the sequential evaluation. The Court finds this argument to be without merit, because the ALJ, in fact, did find that Hastie had a severe impairment, that is, "degenerative disc disease" (Tr. 17). The ALJ then proceeded through the sequential evaluation process (Tr. 17-22). The specific severe impairment noted by the ALJ in his step two finding is irrelevant. See Maziarz v. Sec'y of Health & Human Servs., 837 F.2d 240 244 (6th Cir. 1987);

see also McGlothin v. Comm'r of Soc. Sec., 299 F. App'x 516, 522 (6th Cir. 2008) (noting it was "legally irrelevant" that ALJ found some impairments not severe because ALJ found claimant had severe impairments and completed evaluation process).

Plaintiff also argues that the ALJ's RFC determination was erroneous, because the ALJ did not include non-exertional, mental limitations from Allred. The ALJ, however, has the responsibility of assessing the claimant's RFC.

In the present case, the ALJ considered the following evidence from Allred (Tr. 18-19): That Plaintiff experienced mild to moderate difficulties with concentration, persistence, social interaction and adaptation, but that Plaintiff would have no significant limitation in the ability to understand and remember. The ALJ only gave Allred's opinion some weight, finding that Hastie's limitations in these areas were mild at most (Tr. 21, 265-66). The ALJ noted that, contrary to Allred's opinion, Plaintiff's daily functioning and his performance of the task of volunteer greeter showed Plaintiff was actually capable in these areas (Tr. 21, 265, 301).

In addition, the ALJ found Hastie's subjective allegations to be less than credible (Tr. 21). See Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1234 (6th Cir. 1993) ("since the ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference.'") (quoting Hardaway v. Sec'y of Health & Human Servs.,823 F.2d 922, 928 (6th Cir. 1987)).

The ALJ also noted that Grubbs, the State agency psychological consultant, reviewed Plaintiff's records and opined that Plaintiff experienced no more than mild difficulties in maintaining concentration, persistence and pace, and in social interaction, and had no difficulties in the performance of daily living (Tr. 21, 278). The ALJ gave Grubbs' opinions significant

6

weight (Tr. 21, 278). It is the ALJ's duty to weigh the evidence of record. See Bradley v. Sec'y of Health & Human Servs., 862 F.2d 1224, 1227 (6th Cir. 1988).

The Court finds that the record provides substantial evidence to support the ALJ's findings and his consideration of the medical opinions concerning Hastie's depression. Although the record contains a bit of disagreement between Allred and Grubb as to the severity of Plaintiff's depression, the Court finds that the ALJ properly performed his duty as trier of fact in resolving the conflicts in the evidence.

Therefore, the Court finds that substantial evidence supports the Commissioner's decision that Plaintiff was not disabled during the relevant period, because he could perform medium work.

It is **RECOMMENDED** (1) that the Plaintiff's Motion For Judgment On The Pleadings [Doc. 14] be **DENIED**; and (2) that the Defendant's Motion For Summary Judgment [Doc. 16] be **GRANTED**.[2]

                                      Respectfully submitted,

                                      _____s/ H. Bruce Guyton_____
                                      United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).